MITCHELL B. GREENBERG, Esq., State Bar 114878
STEPHANIE WALKER, Esq., State Bar 252464
ABBEY, WEITZENBERG, WARREN & EMERY
100 Stony Point Road, Suite 200
Post Office Box 1566
Santa Rosa, CA  95402-1566
Telephone:  (707) 542-5050
Facsimile:  (707) 542-2589
Email:  mgreenberg@abbeylaw.com

Attorneys for Defendants,
MM&N, INC., a Delaware Corporation,
dba REDWOOD CAFÉ; TAUBA WEISS,
Trustee of the TAUBA WEISS TRUST

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY; and IRMA RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>REDWOOD CAFÉ; TAUBA WEISS, Trustee of the TAUBA WEISS TRUST; and MM&N, INC., a Delaware Corporation dba REDWOOD CAFÉ,<br><br>Defendants. | No.: 3:14-cv-02953-LB<br><br>**[PROPOSED] CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF** |

1. **Summary of Plaintiffs' Allegations**.  Plaintiffs Irma Ramirez and Daren Heatherly ("Plaintiffs") filed this action against Defendants Redwood Café, Tauba Weiss, Trustee of the Tauba Weiss Trust and MM&N, Inc. (hereinafter, at times, "Defendants") to enforce provisions of Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. 12101 et seq., California Government Code Section 4450-4456, California Health and Safety Code Section 19955 et seq., California Civil Code Sections 51, 54 and 54.1 and California Code of Regulations, Title 24.  Plaintiff s allege that they are physically disabled persons within the meaning of both State and Federal civil rights laws and statutes and allege that they

are required to use a wheelchair for mobility.  Plaintiffs allege that this case involves the denial of parking, path of travel, entrance facilities, counters, dining tables, access to public restrooms and other facilities to Plaintiff and other disabled persons at the Redwood Café Subject Property, 8240 Old Redwood Highway, Cotati, California (hereafter the "Subject Property").  Plaintiffs allege that they were denied their rights to full and equal access at the Subject Property and were denied civil rights under both California law and Federal law.  Plaintiffs allege that they were denied their rights to full and equal access to the Subject Property because it allegedly was not, and is not now, properly accessible to physically disabled persons, such as Plaintiffs, who use wheelchairs.  Plaintiffs seek injunctive relief to require Defendants to make the Subject Property accessible to disabled persons and to ensure that any disabled person who attempts to use the Subject Property will be provided accessible entry and proper accessible facilities.  Plaintiffs also seek recovery of damages for their alleged personal/physical injuries and discriminatory experiences as a result of Defendants' failure and refusal to provide accessible facilities, and seek recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

2. **Defendants' Denials and No Admission of Liability**.  Defendants deny Plaintiffs' allegations and, by entering into this Consent Decree and Order, in no way admit to any liability, whatsoever.  In this regard, the parties enter into this Consent Decree and Order to amicably resolve certain aspects of the lawsuit without the need for further protracted litigation and to resolve certain allegations raised in the Complaint on file herein.  The parties agree that resolution of these matters without further litigation is in the public interest and that entry of this Order is an appropriate means of resolving these matters.  Accordingly, they agree to the entry of this Order with respect to the matters covered herein without trial or further adjudication of any issues of fact or law.

///

3. **Jurisdiction and Venue**. Plaintiffs alleges that this Court has jurisdiction over the public accommodations named in this action pursuant to 28 USC 1331 for alleged violations of the Americans With Disabilities Act of 1990, 42 USC 12101 et seq.  Pursuant to pendant jurisdiction, Plaintiffs have also alleged attendant and related causes of action, arising from the same facts, seeking relief under California law, including, but not limited to, violations of California Government Code Section 4450 et seq., Health and Safety Code Sections 19955 et seq., including 19959, California Code of Regulations, Title 24, and California Civil Code Sections 51, 54 and 54.1.

Under the doctrine of supplemental jurisdiction, Plaintiffs allege that this Court has jurisdiction over Plaintiffs' claims arising under California state law. Assuming this Court has jurisdiction over the instant matter, venue is proper in the Northern District of California, the judicial district in which the claims have arisen, pursuant to 28 U.S.C. section 1391(b).

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Order which provides as follows:

4. **Settlement of Injunctive Relief Aspects of Ongoing Litigation**. This Consent Decree and Order shall be a full, complete and final disposition and settlement of all of Plaintiffs' claims with respect to injunctive relief that have arisen out of the Complaint.

5. **Injunctive Relief**.  Defendants agree and stipulate to perform the tasks and injunctive relief work set forth in Exhibit A hereto, which exhibit is incorporated by reference herein as if set forth in full, in accord with the standards and specifications of The Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24-2 of the California Code of Regulations, by no later than August 31, 2016.

6. **Notice, Reporting and Monitoring Requirements**.  Within five (5) days of the completion of the tasks and work set forth in this Consent Decree and

Order, including its exhibits, Defendants shall provide Plaintiffs' attorney with written notice that Defendants have fully completed such task and work.

7. **Mutual Release and Waiver of Civil Code Section 1542**. Except for all obligations required in this Consent Decree and Order and its exhibits, Plaintiffs on the one hand, on behalf of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, and Defendants, on the other hand, on behalf of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, release and forever discharge each other and each party's officers, directors, shareholders, managing members, members, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, damages, actions and causes of action of whatever kind or nature, presently known or unknown, with respect to the injunctive relief aspects of the lawsuit.

Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the injunctive relief aspects of the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the injunctive relief aspects of the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the injunctive relief aspects of the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

8. **Entire Consent Decree and Order**. This Consent Decree and Order and its exhibits constitute the entire agreement on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order and exhibits, shall be enforceable regarding the matters raised herein.

9. **Public Document**. This Consent Decree and Order is a public document. A copy of this document, and any information contained herein, may be made available to any person.

10. **Consent Decree and Order Binding On Parties**. This Consent Decree and Order shall be binding on Plaintiffs and Defendants in this action and any successor in interest to Plaintiffs and Defendants. Each party shall notify each such successor in interest of the existence and terms of this Consent Decree and Order.

11. **Court Retention of Jurisdiction and Term of the Consent Decree and Order**. This Consent Decree and Order shall be in full force and effect, and this Court shall retain jurisdiction of this action to enforce the provisions thereof until July 15, 2017, or until the parties agree in writing that Defendants have fulfilled all of their obligations under the Consent Decree and Order, or until such time as the property ceases to be used as a public accommodation, whichever period is shorter.

12. **Severability**. If any term of this Consent Decree and Order is determined by any Court to be unenforceable, the remaining terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

13. **Damages and Attorney's Fees, Litigation Expenses, and Costs Not a Part of This Consent Decree and Order**. The damages and attorney's fees, litigation expenses and cost aspects of this lawsuit are not a part of the Consent Decree and Order and are the subject of a separate agreement between the parties to this Consent Decree.

14. **Reservation of Rights**. Notwithstanding anything to the contrary in the foregoing, each of the parties hereto reserves any and all of the rights which such party otherwise has, and which has not been specifically released or waived.

15. **Counterparts and Facsimile Signatures**. This Consent Decree and Order may be signed in counterparts by the parties and shall be valid and binding on each party as if fully executed all on one copy, and facsimile transmitted signatures shall be as valid and binding as originals.

16. **Signatories Bind Parties**. Each signatory on behalf of each party represents that he, she or it is authorized to bind each such party to this Consent Decree and Order.

Date: March 31, 2015        MM&N, INC., dba REDWOOD CAFÉ

                            By: /s/ Michael McCullaugh
                                Michael McCullaugh

Date: March 31, 2015        TAUBA WEISS, TRUSTEE OF THE
                            TAUBA WEISS TRUST

                            By: /s/ Tauba Weiss
                                Tauba Weiss

APPROVED AS TO FORM BY COUNSEL:

Date: March 31, 2015        THOMAS E. FRANKOVICH, A
                            PROFESSIONAL CORPORATION

                            By: /s/ Thomas E. Frankovich
                                Thomas E. Frankovich, Esq.
                                Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | Date:  March 31, 2015 | ABBEY, WEITZENBERG, WARREN & EMERY, P.C. |

By:   /s/ Mitchell B. Greenberg
     Mitchell B. Greenberg, Esq.
     Attorneys for Defendants,
     MM&N, INC. DBA REDWOOD CAFÉ,
     AND TAUBA WEISS, TRUSTEE OF
     THE TAUBA WEISS TRUST

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

- 7 -

[PROPOSED] CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF

## ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: March 31, 2015  ABBEY, WEITZENBERG, WARREN & EMERY

By: /s/ Mitchell B. Greenberg
Mitchell B. Greenberg,
Attorneys for Defendants
MM&N, INC. DBA REDWOOD CAFÉ,
AND TAUBA WEISS, TRUSTEE OF THE
TAUBA WEISS TRUST

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Date: April 2, 2015  _____

The Honorable Magistrate Judge Laurel Beeler

## EXHIBIT "A"

Without conceding that any of the alleged violations cited therein constitute violations of state or federal law, Defendants MM&N, Inc., dba Redwood Café, and Tauba Weiss, Trustee of the Tauba Weiss Trust hereby agree to perform all of the remediation construction work identified in the architect's approved plans, dated September 4, 2014, attached hereto as Exhibit 1.

Date: March 31, 2015

ABBEY, WEITZENBERG, WARREN & EMERY

By: /s/ Mitchell B. Greenberg
Mitchell B. Greenberg, Esq.
Attorneys for Defendants
MM&N, INC., DBA REDWOOD CAFÉ, AND TAUBA WEISS, TRUSTEE OF THE TAUBA WEISS TRUST

# EXHIBIT 1

# Redwood Cafe Access Upgrade

## APPLICABLE CODES

ALL WORK IS TO CONFORM TO THE FOLLOWING CODES.

2013 CALIFORNIA BUILDING CODE (CBC)
2013 CALIFORNIA PLUMBING, ELECTRICAL AND MECHANICAL CODES ( CPC, CEC, CMC)

## INDEX

A1.0 TITLE SHEET / SITE / FLOOR PLANS
A1.1 ACCESS REQUIREMENTS

[1] ACCESSIBLE TABLES SHALL NOT PREVENT A WHEELCHAIR FROM ACCESSING THE TABLE. THEY SHALL HAVE A MIN. WIDTH OF 36" AND MINIMUM KNEE CLEARANCE OF 27", MAXIMUM HT OF 34" AND A MIN. DEPTH OF 19" UNDER THE TABLE. A LARGE ROUND BASE IS NOT ALLOWED FOR A PEDESTAL STYLE. THE TABLE SHALL HAVE EITHER A CROSS (+) BASE OR END LEGS. PROVIDE PLAQUE ON TABLE WITH ACCESSIBILITY SYMBOL.

[2] REPLACE EXISTING DOOR KNOB WITH ACCESSIBLE LEVER WITH PUSH BUTTON LOCKING MECHANISM AND ADJUST OR REPLACE CLOSER SUCH THAT FORCE TO OPEN DOOR DOES NOT EXCEED 5 POUNDS.

E REDWOOD CAFE RESTRM
1/2" = 1'-0"

1. WHITE ON BLUE BACKGROUND
2. MOUNTED 40" MINIMUM ABOVE GRADE SURFACE

1. WHITE ON BLUE BACKGROUND
2. MOUNTED 40" MINIMUM ABOVE GRADE SURFACE

B ACCESS SIGN
1 1/2" = 1'-0"

A ACCESS SIGN
1 1/2" = 1'-0"

SITE PLAN
1/8" = 1'-0"

ADR

Redwood Cafe & Cafe Salsa
8240 & 8230 OLD REDWOOD HIGHWAY
COTATI, CA 94931
(rdwd) APN: 144-214-011
(salsa) APN: 144-214-010
OWNER: MOOSE JAMAL
8240 OLD REDWOOD HIGHWAY
COTATI, CA 94931
PHONE: (707) 291-5296

SITE PLAN & DETAILS

Date: 9/4/14
Scale: as shown
Drawn: R.B
Sheet:
A1.0

## D TYPICAL ACCESSIBLE RESTROOM

1/2" = 1'-0"

## C TYPICAL MOUNTING HEIGHTS

1/2" = 1'-0"

## ACCESSIBILITY NOTES

1. CALIFORNIA STATE ACCESSIBILITY STANDARDS, TITLE 24, AMERICAN DISABILITY ACT APPLIED AS RELATED TO PRIVATE CONSTRUCTION. (AND NOT LIMITED TO BELOW)
2. PRIMARY ENTRANCES TO THE BUILDING SHALL BE USABLE BY INDIVIDUALS IN WHEELCHAIRS.
3. EXIT DOOR HARDWARE SHALL NOT REQUIRE TIGHT GRASPING, TIGHT PINCHING OR TWISTING OF THE WRIST TO OPERATE AND OPERABLE FROM THE INSIDE OUT WITHOUT THE USE OF A KEY OR ANY SPECIAL KNOWLEDGE OR EFFORT. HAND ACTIVATED DOOR OPENING HARDWARE SHALL BE CENTERED BETWEEN 34" AND 48".
4. THE SLOPE OF WALKS GREATER THAN 5% SHALL COMPLY WITH REQUIREMENTS FOR RAMPS.
5. WALKING SURFACES OF A MEANS OF EGRESS SHALL BE SLIP RESISTANT.
6. DOORS SHALL HAVE A LEVEL LANDING ON EACH SIDE. THE LEVEL AREA SHALL HAVE A LENGTH IN THE DIRECTION OF DOOR SWING OF AT LEAST 60" AND A LENGTH OPPOSITE OF DOOR SWING OF 48" AS MEASURED AT RIGHT ANGLES FROM THE DOOR IN THE CLOSED POSITION. THE WIDTH OF THE LEVEL AREA ON THE SIDE TO WHICH THE DOOR SWINGS SHALL EXTEND 18" PAST THE STRIKE EDGE OF THE DOOR FOR INTERIOR DOORS.
7. THE LOWER END OF EACH CURB RAMP SHALL BE FLUSH AND FREE OF ABRUPT CHANGE.
8. WALKS SHALL EXTEND 24" TO THE STRIKE SIDE OF THE EXTERIOR DOORS OR GATES THAT SWINGS TOWARD THE WALK.
9. THE SLOPE OF THE RAMPS SHALL NOT EXCEED 8.33%.
10. RAMPS SHALL HAVE A NON-SLIP SURFACE.
11. RAMPS SHALL BE 48" WIDE MIN.
12. EVERY REQUIRED EXIT DOORWAY SHALL BE SIZED FOR A DOOR NOT LESS THAN 3 FEET WIDE BY NOT LESS THAN 6'-8" HIGH CAPABLE OF OPENING 90 DEGREES AND MOUNTED SO THAT THE CLEAR WIDTH OF THE EXIT IS 32" MIN.
13. THRESHOLDS SHALL NOT EXCEED 1/2" ABOVE FINISH FLOOR OR LANDING. CHANGES IN LEVEL BETWEEN 1/4" AND 1/2" SHALL BE BEVELED WITH A SLOPE NOT TO EXCEED 1:2.
14. MAXIMUM EFFORT TO OPERATE DOORS SHALL NOT EXCEED 5 LBS. FOR INTERIOR AND EXTERIOR DOORS. WHEN FIRE DOORS ARE REQUIRED THE MAXIMUM EFFORT CAN BE INCREASED NOT TO EXCEED 15 LBS.
15. THE BOTTOM 10" OF ALL DOORS (EXCEPT AUTOMATIC SLIDING) SHALL HAVE A SMOOTH UNINTERRUPTED SURFACE. NARROW FRAMED DOORS SHALL HAVE A 10" HIGH SMOOTH PANEL INSTALLED UPON THE PUSH SIDE OF THE DOOR.
16. ALL DOORWAYS LEADING TO SANITARY FACILITIES SHALL HAVE 32" CLEAR UNOBSTRUCTED OPENINGS.
17. PROVIDE 28" FROM W.C. TO FIXTURE AND 32" FROM A WALL AT ONE SIDE AND 48" IN FRONT OF W.C.
18. PROVIDE 30" x 48" CLEAR SPACE IN FRONT OF TOILET WHEN FRONT APPROACH & 60" CLEAR SPACE IN FRONT OF TOILET IN A COMPARTMENT WITH THE DOOR LOCATED AT THE SIDE.
19. PROVIDE 1-1/2" DIA. GRAB BARS AT 33" A.F.F. AT REAR AND SIDE OF W.C. GRAB BAR AT SIDE TO BE 42" LONG AND EXTEND 24" BEYOND FRONT OF TOILET. GRAB BAR TO BE 36" LONG AT BACK W/ 1-1/2" CLR. FROM WALL. BAR FASTENERS AND MOUNTING SUPPORTS TO WITHSTAND 250 LBS. PER FT. IN BENDING, SHEAR AND STRESS.
20. WATER CLOSETS SHALL HAVE A SEAT HEIGHT OF 17" TO 19". FLUSH VALVES TO HAVE MAX. 5 LBS. OPERATING FORCE.
21. URINALS TO HAVE A CLEAR SPACE OF 30" X 48" IN FRONT. FLUSH VALVES TO HAVE MAX. 5 LBS. OPERATING FORCE.
22. PROVIDE 30" x 48" CLEAR SPACE IN FRONT OF LAVATORY AND 29" CLEAR FROM FLOOR TO BOTTOM OF APRON WITH KNEE CLEARANCE 30" WIDE BY 8" DEEP.
23. PROVIDE CLEARANCE OF 30" WIDE, 9" FROM FLOOR, AND 17" DEEP FROM THE FRONT OF THE LAVATORY FOR TOE CLEARANCE.
24. INSULATE ALL EXPOSED HOT WATER AND DRAIN PIPES BELOW LAVATORIES.
25. FAUCET CONTROLS SHALL BE OPERABLE WITH ONE HAND AND NOT REQUIRE GRASPING, PINCHING OR TWISTING. FAUCET TO HAVE MAX. 5 LBS. OPERATING FORCE. CONTROL TO BE LOCATED ON ACCESSIBLE SIDE OF FIXTURE.
26. LOCATE TOWEL, SANITARY NAPKIN AND WASTE RECEPTACLES WITH ALL OPERABLE PARTS WITHIN 40" FROM FLOOR.
27. LOCATE TOWEL, SANITARY NAPKIN AND WASTE RECEPTACLES WITH ALL OPERABLE PARTS WITHIN 40" FROM FLOOR.
28. SELF CLOSING VALVES TO REMAIN OPEN FOR A MIN. OF 10 SEC.
29. THE CENTER OF THE GRIP OF THE OPERATING HANDLE OF CONTROLS OR SWITCHES INTENDED TO BE USED BY THE OCCUPANT OF THE ROOM OR AREA TO CONTROL LIGHTING AND RECEPTACLE OUTLETS, APPLIANCES OR COOLING, HEATING AND VENTILATING EQUIPMENT, SHALL BE NOT MORE THAN 48" ABOVE THE FLOOR OR WORKING PLATFORM.
30. THE CENTER OF ALL ELECTRICAL OUTLETS OF 30 AMPS OR LESS SHALL BE INSTALLED NOT LESS THAN 15 INCHES ABOVE THE FLOOR OR WORKING PLATFORM.
31. PUBLIC PHONES SHALL BE EQUIPPED TO ACCOMMODATE THE HEARING IMPAIRED. SUCH TELEPHONES SHALL BE CAPABLE OF A MINIMUM OF 12 dBA AND A MAXIMUM OF 18 dBA ABOVE NORMAL.
32. MAX REACH RANGE FOR FORWARD AND SIDE APPROACH WITHOUT OBSTRUCTIONS @ 15" TO 48"

## B TYPICAL RESTROOM DOOR

1" = 1'-0"

## B1 UNISEX SIGNAGE

1" = 1'-0"

## A1 DIRECTIONAL SIGNAGE

3" = 1'-0"

& A2 AS NOTED ABOVE

## A ACCESSIBLE ROUTE SYMBOLS

3" = 1'-0"

ADR

Redwood Cafe & Cafe Salsa

ACCESS INFO.

Date: 4/4/14

Scale: A.S.

Sheet: A1.1



